IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIO J. VALDEZ, | ) | CASE NO. 4:06CV2994 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | |
| | ) | Magistrate Judge George J. Limbert |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| | ) | **Interim Report & Recommendation** |
| Defendants. | ) | |
| | ) | |

Defendants Dr. Paul Harvey and Dr. Newton Kendig (collectively "Defendants Harvey and Kendig") have moved for their dismissal from the above captioned case pursuant to 42 U.S.C. § 233(a). ECF Dkt. #14, 15. The undersigned recommends that the Court GRANT the motions with respect to both Defendants Harvey and Kendig for the following reasons:

Plaintiff Julio Valdez ("Plaintiff") filed a Complaint against Defendants Dr. Paul Harvey and Dr. Newton Kendig, *inter alios*, alleging claims pursuant to 28 U.S.C. § 2671, *et seq*., and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) ("Complaint"). ECF Dkt. #1. On March 8, 2007, the Court dismissed Plaintiff's 28 U.S.C. § 2671 claim against all Defendants. ECF Dkt. #4.

Defendants Harvey and Kendig now seek dismissal of the *Bivens* claim against them. ECF Dkt. #14, 15. In *Navarrete v. Vanyur*, 110 F.Supp.2d 605, 606-607 (N.D. Ohio 2000), the Court held that prisoners may not pursue a *Bivens* action against prison doctors for acts or omissions made while performing their official tasks. In *Navarrete*, the Court held that defendants had established immunity by filing declarations stating that they were Public Health Service Officials and that they were acting within the scope of their duties as such officers with respect to any treatment they rendered to the plaintiff. *Id*. Defendants Harvey and Kendig have submitted declarations stating that they are commissioned officers with the U.S. Public Health Service and are detailed to the U.S. Department of Justice, Federal Bureau of Prisons. ECF Dkt.

#14, 15. Although Defendants Harvey and Kendig have not attested that they were functioning within their official capacities, the undersigned recommends that the Court find Defendants Harvey and Kendig to be immune because the Complaint does not allege that Defendants Harvey and Kendig acted outside of their official capacities. *See* ECF Dkt. #1.[1]

For the foregoing reasons, the undersigned recommends that the Court GRANT both motions and DISMISS Defendants Harvey and Kendig from the instant case. ECF Dkt. #14, 15.

Dated: November 28, 2007         /s/ **George J. Limbert**
                                 George J. Limbert
                                 United States Magistrate Judge

ANY OBJECTIONS to this Order and Interim Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's order and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[1] Plaintiff has sued Defendants Harvey and Kendig in their individual and official capacities, but he alleges no facts supporting the claim that they had acted in their individual capacities. ECF Dkt. #1 at ¶¶ 8, 11.